IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES LEE CECIL, JR., )<br>    Plaintiff, )<br>v. )<br> )<br>SOUTHWEST VIRGINIA REGIONAL )<br>    JAIL AUTHORITY, *et al.*, )<br>    Defendants. ) | Civil Case No. 7:19-cv-00658<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Plaintiff James Lee Cecil, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. As amended, his complaint names two defendants, the Southwest Virginia Regional Jail Authority ("SWRJA") and Stephen O'Clear, the Superintendent of the SWVRJA. Cecil's complaint is brief. It states that he has been charged $1 each day while being housed at the SWVRJA of Abingdon. He recognizes that the charge is permitted by Virginia Code § 53.1-131.3,[1] but claims that defendants—and the statute, too—unfairly "single out" state inmates, because federal inmates housed at the facility do not have the daily $1 fee deducted from their trust accounts. (Compl., Dkt. No. 1.) He states that he is challenging the statute and the policy, and he asks for injunctive relief, attorneys fees, and a refund of the daily charges.

Upon review of Cecil's complaint, the court concludes that it fails to state a claim and so is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Construing Cecil's complaint liberally, the court treats it as asserting an equal

---

[1] Virginia Code § 53.1-131.3 states that "[a]ny sheriff or jail superintendent may establish a program to charge inmates a reasonable fee, not to exceed $1 per day, to defray the costs associated with the prisoners' keep."

protection challenge both to the Virginia statute and to the policy as implemented by the SWVRA.[2]  To the extent he seeks to challenge the constitutionality of either on this ground, however, his challenge fails.

To prove an equal protection claim, a litigant "must first demonstrate that he has been treated differently from others with whom he is similarly situated." *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir.2002) (quoting *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir.2001)). Two groups of persons are "similarly situated" only if they "are similar in all aspects relevant to attaining the legitimate objectives" of the policy or legislation. *Van Der Linda Housing, Inc. v. Rivanna Solid Waste Authority*, 507 F.3d 290 (4th Cir. 2007).  Plaintiff does not allege, and cannot demonstrate, that in all respects relevant to being charged a fee for his housing, he is similarly situated to federal inmates.  Indeed, federal courts in Virginia—including this one—have rejected this precise challenge.  *E.g.*, *Watts v. Johnson*, No. CIVA 7:07CV00323, 2007 WL 2110341, at *3 (W.D. Va. July 18, 2007), *aff'd*, 252 F. App'x 548 (4th Cir. 2007) (affirming "for the reasons stated by the district court"); *Waters v. Bass*, 304 F. Supp. 2d 802, 810 (E.D. Va. 2004).  In doing so, at least one has explicitly recognized that the federal government reimburses state or local facilities for housing federal inmates.  *Waters*, 304 F. Supp. 2d at 810.  That, of course, would also be a valid reason for the difference in treatment.

Cecil alleges that state and federal inmates are similarly situated with regard to other aspects of their incarceration.  But he has not alleged any facts that would support a finding that state and federal inmates are similarly situated with regard to fees being charged for their

---

[2] "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978).  For purposes of this opinion, the court presumes that Cecil is challenging an official decision concerning the charging of only state inmates and not federal inmates.

housing—the relevant inquiry. In short, the *Watts* court's summary is apt here: the plaintiff's "claims related to the daily charge assessed for room and board are not of a constitutional magnitude and, thus, are not cognizable under § 1983." 2007 WL 2110341, at *3. Cecil's equal protection claims fail.

For the foregoing reasons, the court will summarily dismiss the action without prejudice under § 1915A(b)(1). Nothing in this opinion precludes Cecil from refiling his claims in a new and separate civil action if he can correct the deficiencies described in this opinion, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e.

An appropriate order will be entered.

Entered: January 27, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge